# IN THE COURT OF APPEALS OF IOWA

No. 16-1034
Filed May 17, 2017

IN RE THE MARRIAGE OF STEPHANIE KAY MAKELA
AND WAYNE L. MAKELA

Upon the Petition of
**STEPHANIE KAY MAKELA,**
        Petitioner-Appellant/Cross-Appellee,

**And Concerning**
**WAYNE L. MAKELA,**
        Respondent-Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mark D. Cleve, Judge.

A mother appeals and a father cross-appeals the child-custody and visitation provisions of the district court's dissolution decree. **AFFIRMED.**

David M. Pillers of Pillers & Richmond, DeWitt, for appellant/cross-appellee.

Dawn D. Long of Howes Law Firm, P.C., Cedar Rapids, for appellee/cross-appellant.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Stephanie Makela appeals the visitation provisions of the decree that dissolved her marriage to Wayne Makela. Stephanie claims the district court incorrectly granted Wayne the right to contact the children while he is incarcerated. Wayne claims the district court should not have granted Stephanie sole legal custody of the children and wrongly determined Iowa Code section 598.41A(2) (2015) requires he have no in-person visits with the children while he remains incarcerated.

## I.    Background Facts and Proceedings

Stephanie and Wayne were married in 2011 and made their family home in Wisconsin. Stephanie worked as a patient care coordinator for a healthcare company, and Wayne worked as a youth director, teacher, and coach at a private religious school. Stephanie and Wayne are the parents of two children, who were three and one-half years old and sixteen months old at the time of trial. The younger child was born after Wayne was arrested and has never lived with Wayne.

On July 2, 2014, Wayne was arrested and charged with multiple sex crimes involving a minor.[1] On November 7, 2014, Wayne entered a no-contest plea to one count of sexual assault of a child in the second degree, in violation of Wisconsin Statutes section 948.02(2) (2013-14), and one count of exposing a child to harmful material, in violation of Wisconsin Statutes section 948.11(2)(a). On January 16, 2015, Wayne was sentenced to six years in prison and six years of extended supervision.

---

[1] The charges did not involve the parties' children.

Due to Wayne's arrest and conviction, Stephanie sold the marital home and moved in with her parents in Iowa. Initially following Wayne's arrest, the parties agreed to stay married and keep the family intact. While Wayne was in jail awaiting sentencing, the parties communicated regularly, mainly through letters and cards, although Stephanie brought the children to visit him on one occasion. Stephanie remained supportive of Wayne and wanted him to maintain a relationship with the children. In a letter she wrote to the Wisconsin sentencing court prior to sentencing, Stephanie stated:

> I want nothing more than for Wayne to have the opportunity to hug and kiss them every day, spend time teaching them how to throw a baseball, how to go fishing, and to teach them how to ride a bicycle, among countless other activities for fathers and sons. . . . I want our boys to grow up with their daddy and see that he was a big part of their childhood.

Despite her initial support for Wayne, Stephanie became increasingly concerned about Wayne's situation and petitioned for dissolution of the marriage, seeking sole legal custody of the children. In determining the issue of legal custody, the district court raised concerns about Wayne's ability to participate in the children's lives, his judgment based on his past conduct, and his ability to timely and accurately assess the facts needed to make legal decisions for the children while in prison. Ultimately, the court determined clear and convincing evidence supported granting Stephanie sole legal custody.

In addressing the issue of visitation, the court concluded Wayne's conviction for second-degree sexual assault on a minor in Wisconsin constituted a sex crime for purposes of Iowa Code section 598.41A(2), which provides: "Notwithstanding section 598.41, an individual who is a parent of a minor child

and who has been convicted of a sex offense against a minor as defined in section 692A.101, *is not entitled to* visitation rights while incarcerated." (Emphasis added.) In construing this provision, the district court stated:

> The Court further determines that Iowa Code section 598.41A *requires* that [Wayne] shall not have any in person, telephonic, or other interactive visitation with the minor children of the parties until he is released from prison and has otherwise satisfied the requirements of Iowa Code section 598.41A(2).

(Emphasis added). However, following Wayne's motion to amend and enlarge, the court determined that section 598.41A(2) only precluded in-person visitation and amended its ruling. The court allowed Wayne weekly telephone calls with the children, along with permission "to send correspondence, photos and recordings," with Stephanie's ability to monitor both the telephone calls and the content of mailings. Stephanie appeals seeking to prohibit all contact between Wayne and the children while Wayne remains incarcerated; Wayne cross-appeals seeking in-person visitation and joint legal custody.

## II.  Standard of Review

We review dissolution cases de novo, giving "weight to the trial court's factual findings, especially with respect to the credibility of the witnesses." *In re Marriage of Witten*, 672 N.W.2d 768, 773 (Iowa 2003). However, when the issues raised on appeal require the interpretation of a statute, our standard of review is for the correction of errors at law. *In re Marriage of Thatcher*, 864 N.W.2d 533, 537 (Iowa 2015); *In re A.J.M.*, 847 N.W.2d 601, 604 (Iowa 2014).

## III.  Wayne's Contact with the Children

Stephanie claims the district court should not have permitted Wayne to have telephone contact and correspondence with the children. She asserts this

contact amounts to visitation, which she claims Wayne is not entitled to while he is incarcerated under section 598.41A(2). Wayne argues the district court incorrectly concluded it had no ability to order in-person visitation under the same code section.

### A.    In-person visits

In determining visitation rights, the best interest of the children is the primary concern. *In re Marriage of Stepp*, 485 N.W.2d 846, 849 (Iowa Ct. App. 1992). In general, upon the dissolution of a marriage, after determining physical care, our courts order:

> liberal visitation rights where appropriate, which will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents after the parents have separated or dissolved the marriage, and which will encourage parents to share the rights and responsibilities of raising the child unless direct physical harm or significant emotional harm to the child, other children, or a parent is likely to result from such contact with one parent.

Iowa Code § 598.41. Therefore, in most circumstances, the parent who is not granted physical care is "entitled" to liberal visitation to achieve these statutory goals. However, section 598.41A(2) adds another layer to the visitation analysis when one parent is incarcerated after being convicted of a sex offense against a minor:

> an individual who is a parent of a minor child and who has been convicted of a sex offense against a minor as defined in section 692A.101, *is not entitled to* visitation rights while incarcerated. While on probation, parole, or any other type of conditional release including a special sentence for such offense, visitation shall be denied until the parent successfully completes a treatment program approved by the court, if required by the court. The circumstances described in this subsection shall be considered a substantial change in circumstances.

(Emphasis added.)

Wayne argues that while the plain language of 598.41A(2) does not "entitle" him to visitation neither does it say he "shall not" have court-ordered in-person visitation rights.

We agree with the district court that section 598.41A(2) eliminates the district court's ability to order in-person visitation. To follow Wayne's reasoning, we would need to give only passing consideration to the plain language which states, "is not entitled to" visitation and then insert a discretionary measure to allow such visits. While section 598.41 encourages liberal visitation, section 598.41A(2) carves out a specific situation—when a parent is incarcerated after being convicted of a sex crime against a minor—and explicitly sets aside the general rule espoused in section 598.41. *See* Iowa Code § 598.41A(2) ("Notwithstanding section 598.41, . . . ."). If, under normal circumstances, a noncustodial parent is "entitled to" visitation rights, the effect of the language "not entitled to," for a parent in Wayne's circumstances, is to remove the entitlement to visitation.

Wayne further argues that such a plain reading of the statute—not allowing court ordered visitation under section 598.41A(2)—is incongruous with section 598.41B(1)(b), which prohibits a court from awarding "visitation rights to a child's parent who has been convicted of murder in the first degree of the child's other parent, unless the court finds that such visitation is in the best interest of the child." In making this argument Wayne omits a crucial phrase contained in that statute that is absent from section 598.41A(2). Section 598.41B(1)(b) prohibits a court from awarding "visitation rights to a child's parent convicted of

murder in the first degree of the child's other parent, *unless the court finds that such visitation is in the best interest of the child.*" (Emphasis added.) Section 598.41B(2) shifts the focus away from the rights of the incarcerated parent and focuses instead on the child by outlining the criteria a court is to use in determining whether visitation is in the child's best interest. By contrast, section 598.41A(2) does not contain a "best interest" exception, nor does it contain any criteria by which a court could determine whether visitation rights for a parent incarcerated after being convicted of a sex crime against a minor would be in the child's best interest. If the legislature intended a best interest exception to apply in section 598.41A(2), it could have included it. *See Swiss Colony, Inc. v. Deutmeyer*, 789 N.W.2d 129, 137 (Iowa 2010) ("[W]e must base our interpretations on what the legislature did, not on what it might have done or should have done."). Absent such a caveat, the language of section 598.41A(2) plainly does not provide for court-ordered visitation for a parent incarcerated for a sex offense against a minor.

Moreover, the legislative history of section 598.41A indicates the legislature intended to prevent district courts from ordering visitation when a parent was incarcerated after being convicted of a sex crime against a minor. *See Gardin v. Long Beach Mortg.*, 661 N.W.2d 193, 198 (Iowa 2003) ("We start with the often-repeated goal of statutory interpretation which is to discover the true intention of the legislature."). Until amended in 2013, section 598.41A included only one subsection: "Notwithstanding section 598.41, the court shall consider, in the award of visitation rights to a parent of a child, the criminal history of the parent if the parent has been convicted of a sex offense against a

minor as defined in section 692A.101." *See* Iowa Code § 598.41A (2011). The legislature amended the statute and enumerated that clause as subsection (1) and added subsection (2) in 2013. The amendment evinces an intent on the part of the legislature to contrast the criminal *history* of sex crimes against a minor by a parent under subsection (1) with the current *incarceration* of the parent convicted of such crimes under subsection (2). The former is a criminal background consideration; the latter speaks to the current incarcerated situation. We conclude a plain reading of section 598.41A(2) (2015) precludes the district court from ordering visitation rights when a parent is incarcerated after being convicted of a sex crime against a minor. Wayne's cross-appeal of this issue is affirmed.[2]

### B.    Other contact

Next, we address Stephanie's appeal, which claims the district court should not have allowed Wayne to have telephone contact and correspondence with the children while incarcerated. Stephanie claims such contact is "extended visitation" and is prohibited by the broad language of section 598.41A(2), that Wayne is "not entitled to visitation rights while incarcerated."

Section 598.41A does not define "visitation," nor is the term defined in any other part of chapter 598. However, we do not believe telephone contact and other correspondence necessarily falls within the plain and ordinary meaning of visitation. *See State v. Ahitow*, 544 N.W.2d 270, 272 (Iowa 1996) ("Absent legislative definition or a particular and appropriate meaning in law, we give

---

[2] We note however, nothing in Iowa Code section 598.41A(2) precludes the physical care parent from *voluntarily* offering in-person visitation to the incarcerated parent absent any no-contact order which may be in effect.

words their plain and ordinary meaning."). We consider the plainest meaning of "visit" in the context of child custody is "to go to see or stay at (a place) for a particular purpose." *Visit,* Webster's New Collegiate Dictionary (1981). Telephone calls and correspondence, on the other hand, are better seen as simply "contact."

We do not read section 598.41A(2)—"not entitled to visitation"—to necessarily prohibit all *communication* between a parent and the children. The section does not explicitly state such intent and clearly contemplates the opportunity for full restoration of the parent-child relationship (presumably upon the convicted parent's release from prison and completion of a treatment program). If the ultimate goal of maintaining the parent-child relationship is to have any chance for success, the district court must have some discretion in setting the parameters of communication. In her letter to the sentencing court, Stephanie acknowledged that she wanted Wayne to have a relationship with the children. While her thinking has certainly evolved since then, she testified she wishes her children could have a relationship their father, Wayne is respectful in his communication with her, the children are unaware of his crimes, she has no reason to believe Wayne harmed the children, and Wayne's correspondence with the children has not been inappropriate. Evaluating these facts in light of section 598.41A(2)'s intent to maintain the possibility of a parent-child relationship and considering the best interest of the children, we conclude the district court complied with section 598.41A(2), while also allowing some communication to foster the potential of an eventual restoration of the parent-child relationship.

Accordingly, we reject Stephanie's appeal and affirm the district court's order regarding telephone calls and correspondence.

### IV.    Sole Legal Custody

Wayne also cross-appeals on the issue of sole legal custody being granted to Stephanie.  He claims the district court erred in finding clear and convincing evidence joint legal custody was unreasonable and not in the children's best interest.

Iowa Code section 598.41(2)(b) provides:

> If the court does not grant joint custody under this subsection, the court shall cite clear and convincing evidence, pursuant to the factors in subsection 3, that joint custody is unreasonable and not in the best interest of the child to the extent that the legal custodial relationship between the child and a parent should be severed.

Subsection 3 lists several factors to be considered in making the custody determination.  Iowa Code § 598.41(3)(a)–(j).  In ruling on the issue of sole legal custody, the district court stated:

> As a result of his arrest and incarceration, he has been unable to play an active role in the life of the parties' younger son.  The Court notes that the parties have the capacity to communicate regularly and frequently about the children, although as a practical matter the bulk of that communication would have to take place by mail.  The Court has also taken into consideration each party's stated wishes for legal custody, and the grounds urged in support of those positions.  The Court also has some concern regarding [Wayne's] judgment as it may pertain to child custody issues, given his past conduct, although that concern may be allayed in the future upon [Wayne's] completion of sex offender treatment.  The Court has also taken into consideration the geographical proximity of the parents and [Wayne's] very limited ability to assess the facts "on the ground" that may relate to decisions on different courses of action involving the children, due to his incarceration.

Upon our de novo review, we agree with the district court Stephanie proved by clear and convincing evidence joint legal custody was unreasonable.

Stephanie has shown herself to be a responsible caregiver, who is attentive and responsive to her children's needs. Meanwhile, Wayne's actions, which he takes responsibility for, have rendered him only minimally able to participate in his children's lives. He has not been able to actively care for the children since his arrest and has only seen the younger child once since he was born. *See* Iowa Code § 598.41(3)(a), (d). Additionally, his criminal actions demonstrated poor judgment when it comes to the care of minors. *See id.* § 598.41(3)(a), (i). When the questions about his judgment are combined with his incarceration and his relative isolation from the children, it is clear that he is not currently capable of making the decisions required of a child's legal custodian. *See id.* § 598.41(3)(h). Thus, we affirm the district court's grant of sole legal custody to Stephanie.

### V. Attorney Fees

Both parties seek an award of appellate attorney fees. Whether to award attorney fees on appeal is left to our discretion. *Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005). "Whether such an award is warranted is determined by considering 'the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal.'" *Id.* (quoting *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996)). Considering these factors, we decline to award attorney fees to either party.

### VI. Conclusion

Because we conclude section 598.41A(2) precludes in-person visitation rights for Wayne but does not prohibit all communication, we affirm the district

court's denial of visitation rights and permission for telephone contact and correspondence. Because we agree Stephanie proved by clear and convincing evidence joint legal custody was unreasonable, we affirm the district court's grant of sole legal custody to Stephanie.

**AFFIRMED.**